**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

STEVE SHORT;                                    )
LUKE SHORT;                                     )
RICHARD SHORT;                                  )
DENESE SHORT MAHONEY; and                       )
JESSIE SHORT,                                   )
                                                )
              Plaintiffs,                       )
                                                )
vs.                                             )          Case No. CIV-08-984-M
                                                )
WESLEY MEDICAL CENTER, L.L.C.,                  )
                                                )
              Defendant.                        )

**<u>ORDER</u>**

Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction, filed November 24, 2008. On March 19, 2009, plaintiffs filed their response, and on April 9, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      <u>Introduction</u>

On January 7, 2007, plaintiff Steve Short was injured in an automobile collision that occurred near Braman, Oklahoma. He was taken to Blackwell Regional Hospital in Blackwell, Oklahoma. Due to the severity of his injuries, he was then air transported to Wesley Medical Center in Wichita, Kansas. Defendant owns and operates Wesley Medical Center. The care and treatment plaintiff Steve Short received at Wesley Medical Center gives rise to this medical malpractice case.

II.     <u>Discussion</u>

Defendant asserts that it does not have the requisite "minimum contacts" with Oklahoma for this Court to exercise personal jurisdiction over it. A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d

1244, 1247 (10th Cir. 2000).  When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material:

> the plaintiff need only make a prima facie showing that jurisdiction exists. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.  However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Id.* (internal citations omitted).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Id.*  Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution; consequently, "the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Id.*

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Id.* (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  The "minimum contacts" standard may be met in two ways: general jurisdiction or specific jurisdiction.[1]  "When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state."  *Intercon*, 205 F.3d at 1247.   General

_____

[1]Plaintiffs are not asserting specific jurisdiction in this case.

2

jurisdiction arises when a defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

Plaintiffs assert that defendant has sufficient continuous and systematic contacts with Oklahoma to subject it to the Court's general jurisdiction.  Specifically, Plaintiffs rely upon the following contacts to support this Court's general jurisdiction: (1) defendant's Medicaid agreement with the Oklahoma Healthcare Authority and defendant's agreement with the Oklahoma City Area Indian Health Service; (2) defendant's affiliation agreements with the Board of Regents of the University of Oklahoma Health Sciences Center – the College of Allied Health and with the Oklahoma State University Center for Health Services, College of Osteopathic Medicine; (3) defendant's contract with Linen King; (4) defendant's laboratory service agreement with the OU Medical Center; (5) defendant's routine treatment of patients from Oklahoma and the income defendant receives from said treatment; (6) the collection and garnishment actions defendant has filed in Oklahoma courts; (7) the statements on defendant's website regarding defendant's treatment of patients from Kansas and Northern Oklahoma; and (8) defendant's billing of plaintiff Steve Short in Oklahoma for services rendered to him.

Having carefully considered all of the above contacts, the Court finds that defendant's contacts with Oklahoma, considered separately and in combination, are not sufficiently continuous and systematic to subject defendant to this Court's general jurisdiction.  Specifically, the Court finds that defendant's participation in Oklahoma's Medicaid program and defendant's agreement with the Oklahoma City Area Indian Health Service to allow defendant to recoup its expenses for treating certain Oklahoma Native Americans is not enough to establish general jurisdiction over defendant. *See Harlow v. Children's Hosp.*, 432 F.3d 50 (1st Cir. 2005); *Boyd v. Green*, 496 F. Supp. 2d 691,

703-05 (W.D. Va. 2007) (finding that defendant could not be subject to general jurisdiction based on Medicaid participation in forum state).   Additionally, the Court finds that defendant is not conducting business in Oklahoma by virtue of the affiliation agreements; these agreements simply allow Oklahoma medical students to rotate through the Wesley Medical Center in Wichita, Kansas. The Court further finds that defendant's linen contract and laboratory service agreement are only *de minimus* contacts that have no bearing on the jurisdictional analysis.   *See Wolf v. Richmond County Hosp. Auth.*, 745 F.2d 904, 911 (4th Cir. 1984) (finding provision of laundry service is *de minimus* contact); *Boyd*, 496 F. Supp. 2d at 713 (finding computer service contract is *de minimus* contact).

Additionally, the Court finds the fact that defendant routinely treats patients from Oklahoma at the Welsey Medical Center in Wichita, Kansas, receives income from that treatment, and references that treatment on its website is not continuous and systematic contact with Oklahoma. As the First Circuit has held:

> Treating patients from Maine in Massachusetts, even on a regular basis, is not the same as engaging in continuous and systematic activity in Maine.   A hospital that treats Maine residents in Massachusetts is, quite simply, in a different position from a hospital that treats Maine residents in Maine, or a firm that sells products to Maine residents in Maine.   That the hospital derives revenue from treating Maine patients, sometimes in the form of payments from Maine Medicaid, does not alter the basic fact that the Hospital is not engaged in continuous and systematic activity, unrelated to the suit, in [Maine].

*Harlow*, 432 F.3d at 66 (internal quotations and citation omitted).   The Court would also note that the number of patients from Oklahoma that defendant treats is but a very small fraction of the total number of patients treated and that the total revenue generated from patients from Oklahoma is also but a very small fraction of the total revenue generated from all patients.   The Court would further

find the fact that defendant billed plaintiff Steve Short in Oklahoma has no impact on the jurisdictional analysis.

The Court also finds that the collection and garnishment actions defendant has filed in Oklahoma courts over the past twenty-two years do not rise to the level of continuous and systematic contacts with Oklahoma. While at first blush it would appear that defendant files numerous lawsuits in Oklahoma and that said lawsuits would establish continuous and systematic contacts, a closer review of the data reveals that the lawsuits filed are not continuous nor systematic. In fact, during the five years previous to the filing of the instant action, defendant only filed one collection/garnishment action a year, with the exception of 2005, when defendant filed two. Additionally, a number of years defendant did not file any collection/garnishment actions.

Finally, the Court would note that "[c]ases involving medical services are quite different from those involving other commercial activity." *Wolf*, 745 F.2d at 911 (internal quotations and citation omitted).

> It is clear that when a patient travels to receive professional services without having been solicited . . . then the client, who originally traveled to seek services apparently not available at home, ought to expect that he will have to travel again if he thereafter complains that the services sought by him in the foreign jurisdiction were thereby rendered improperly.

*Id.* (internal quotations and citation omitted).

III.    Conclusion

Accordingly, for the reasons set forth above, the Court finds that it does not have personal jurisdiction over defendant.  The Court, therefore, GRANTS defendant's Motion to Dismiss for Lack of Jurisdiction [docket no. 6] and DISMISSES the instant action.

**IT IS SO ORDERED this 12th day of August, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE